HAMITER, Justice.
In this action for a separation from bed and board Mrs. Inez Gardner Chapman, the plaintiff, accuses her husband, William J. Chapman, of cruel treatment and outrages towards her. The district court, after trial, found the accusations substantiated by competent and adequate evidence and decreed the separation. The court also granted to plaintiff the care, custody and control of the spouses’ six- year old daughter, subject to the husband’s having conditional custody at designated times; and it ordered defendant to pay alimony for the support of his wife and child.
In appealing from the judgment, defendant concedes that a separation from bed and board may be claimed reciprocally on account of cruel treatment or outrages of one of the married persons towards the other if it is of such a nature as to render their living together insupportable, R.C.C. Article 138. Also, he recognizes another well established legal principle that with respect to the awarding of custody of children of tender age in separation and divorce actions the mother is preferred to the father unless she be found to be morally unfit or incapable of providing suitable care, a. consideration of paramount importance in making the award. being the children’s welfare and best interest, Willis v. Willis, 209 La. 205, 24 So.2d 378 and cases therein cited.
Defendant’s two-fold complaint here concerns solely issues of fact, he insisting that the trial judge erred (1) in holding that he had been guilty of the alleged cruel treatment towards his wife, and (2) in failing to sustain the charge made in his answer *731 that plaintiff is an habitual and excessive user of narcotics — a drug addict, incapable of properly handling and caring for their minor daughter, and, therefore, not entitled to the custody of the child.
The judge’s finding of cruel treatment on the part of defendant, as shown by dictated reasons, was based largely on evidence relating to an incident occurring on August 17, 1948, in the home of plaintiff’s father where the litigants then also resided. It was the testimony of plaintiff and her father that defendant on such date struck plaintiff twice with his fist, knocking her from a chair on which she was sitting; that he cursed and abused both; and that he produced a shotgun threatening to take their lives. Denying that he struck his wife, defendant explained the incident as follows: Plaintiff, while discussing with him certain household problems, became excited and attempted to sit in a chair; in her excitement she slipped and fell against a small garbage can; the father, attracted by the noise, came into the room, commenced an argument, and picked up a butcher knife; and defendant, fearing violence, secured from another room a small caliber shotgun to protect himself.
In support of the charge that his wife is incompetent to have the custody of their minor daughter, because she is an habitual and excessive user of narcotics, defendant offered his testimony and that of numerous other persons (most of whom were co-employees of a large paper mill) to the effect that on several occasions they had observed plaintiff talking incoherently while in an unsteady, staggering condition, and, further, that it is commonly understood in the neighborhood where she resides that she is a narcotic addict. Also, defendant, through his counsel, directs attention to the disconnected testimony given by plaintiff at times while a witness in the trial of this case and to the admitted fact that her father for many years has regularly used the drugs.
On the other hand plaintiff vehemently denied having been a user of narcotics; and no one, not even her husband, testified to having seen her take them. Moreover, she produced numerous witnesses in corroboration of her denial of the charge. Thus, some of her near neighbors testified that she, except for appearing nervous, always acted normally in their presence and that they permitted their children to visit her home often to play with her child. Too, her physician, who has also attended her father for some twenty years, stated that although plaintiff is a highly nervous person and suffers from kidney trouble he has never given her narcotics and has observed no evidence of her having used them. The physician further stated that for a long time he has prescribed the drugs for plaintiff’s father to provide relief from a serious heart ailment with which he is afflicted.
 It is apparent from the foregoing summarization that a correct determination *733 of the two issues of fact presented by this appeal depends entirely upon a proper weighing of the conflicting evidence. There is involved here primarily, in other words, a matter respecting the integrity of the several witnesses, including the litigants themselves. This being true the trial judge, who observed and heard the witnesses as they gave their testimony, was in a much better position than are we to pass upon the dispute. From our study of the record, therefore, we are unable to conclude that he manifestly erred in rendering a decree favorable to plaintiff.
The judgment is affirmed.